FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50100 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00460-DDP-1 |
| v. | |
| VINCENT ANTHONY JONES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted May 8, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

Vincent Anthony Jones (Jones) appeals the district court's denial of his

motions to suppress evidence found in his car after he was arrested for bank

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

robbery.  Jones also appeals the district court's denial of his request for a *Franks*[1]

hearing.

**1.**     The district court did not err when it denied Jones's motions to suppress

evidence seized from the first search of his car based on the determination that the

search was justified by probable cause.  *See United States v. Rodgers*, 656 F.3d

1023, 1028 (9th Cir. 2011) ("Probable cause exists when, under the totality of the

circumstances, there is a fair probability that contraband or evidence of a crime

will be found in a particular place.") (citations and internal quotation marks

omitted).

**2.**     Likewise, the district court did not err in concluding that the second search

was justified for the same reason.  *See United States v. Noster,* 590 F.3d 624, 634

(9th Cir. 2009), *as amended* ("[T]he justification to conduct a warrantless search

does not vanish once the car has been immobilized, and there is no requirement

that the warrantless search of a vehicle occur contemporaneously with its lawful

seizure. . . .") (citations, alteration, and internal quotation marks omitted).  In any

---

[1]  *See Franks v. Delaware*, 438 U.S. 154 (1978).

event, the second search was executed pursuant to a search warrant supported by an adequate and not misleading affidavit.

**3**.      The district court also did not err in denying Jones's request for a *Franks* hearing based on its conclusion that no information was deliberately or recklessly omitted from the affidavit.  *See United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011); *see also Ewing v. City of Stockton*, 588 F.3d 1218, 1226 (9th Cir. 2009). Because probable cause would still exist had the omitted information been included, "no constitutional error has occurred."  *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011) (citations omitted).

**AFFIRMED.**